WILLIAM A. RESNECK, SB #48535
Attorney at Law
Two Theatre Square, Suite 234
Orinda, California  94563
Telephone:     (925)  253-0500
Facsimile:     (925)  253-0502
E-mail:        waresneck@aol.com

Attorney for Plaintiff, DONALD BRUNET


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


DONALD BRUNET,                          CASE NO. _____

            Plaintiff,                   COMPLAINT

      vs.                               29 USC §1132(a)(1)(B)

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

           Defendant.
_____/

PLAINTIFF, DONALD BRUNET, ALLEGES AS FOLLOWS:

JURISDICTION

1.  This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1101 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof.  This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1101 et seq.

2.  Venue is proper under 29 USC §1132(g) in that the breach described below occurred within the territorial Complaint limits of the above-entitled court, and defendant, Life Insurance Company of North America, does business in Walnut Creek, California.

3.  Plaintiff is, and at all times herein mentioned was, a resident of Walnut Creek, Contra Costa County, California.

4.  Plaintiff is informed and believes that defendant, Life Insurance Company of North America, and at all times herein mentioned was, a Pennsylvania corporation, with its principal place of business in Philadelphia, Pennsylvania.

ALLEGATIONS CONCERNING RELIEF SOUGHT

5.  On March 3, 1999, plaintiff, Donald Brunet, while employed as an Internal Medicine Physician, was diagnosed with a combination of degenerative changes in his spine and spinal stenosis, resulting in a permanent and total disability from his employment.  Plaintiff remained continuously disabled from his work, with his spinal condition continuing to worsen.  His treating doctor, Jeffrey Klingman, M.D., determined that Dr. Brunet was 100% totally disabled and unemployable since March, 1999.   Plaintiff's treating physician's opinion remains the same today.

6.  When plaintiff was determined to be totally disabled in March, 1999, there was in existence for all Permanente Medical Group, Inc. employees, including the plaintiff, a certain long term disability insurance plan through Life Insurance Company of North America, and administered by CIGNA Group Insurance.

7.  The long term disability insurance plan was to provide disability payments to any employee covered by the plan, including plaintiff, who suffered a total disability.

8.  Plaintiff's spinal condition led to a total disability from his occupation as a physician, as determined by his medical doctor, and he applied for benefits under the long term disability insurance plan administered by defendant.  Plaintiff's application for benefits was based on the opinion of plaintiff's treating physician that he could not return to work in his former occupation as a physician.

9.  Plaintiff's personal physician stated that plaintiff was in fact disabled from returning to work as a physician, and any other job which would require the ability to use abstract and verbal reasoning at a high level, the chronic pain he suffered interfered with his ability to think and concentrate, and the pain, numbness and fatigueability have been the main things causing his disability.

10.  Plaintiff accordingly applied for benefits under defendant's long term disability plan, and received benefits until January 31, 2007, after which they were denied.  Plaintiff appealed defendant's decision in accord with the requirements of his policy, and that appeal was denied by defendant on October 22, 2007.

11.  The relevant portion of the Life Insurance Company of North America long term disability policy reads as follows:

"**Definition of Disability**:

An Employee or Physician is Disabled if, because of Injury or Sickness,

1.  he or she is unable to perform all the material duty of his or her regular occupation, or solely due to injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and

2.  after Disability Benefits have been payable for 60 months, he or she is unable to perform all the material duty of any occupation for which he or she may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings."

12.  Defendant breached its obligation under the long term disability plan by denying coverage for plaintiff's disability payments when plaintiff met all of the above criteria set forth in the definition of disability, incorrectly relying on their own consultants' subjective determinations of the degree of plaintiff's disability, instead of the findings and conclusions of plaintiff's personal physician and the Vocational Assessment Summary of August 2, 2007.

13.  Plaintiff at all times herein mentioned has performed all the terms and conditions of the Life Insurance Company of North America's long term disability plan on his part to be performed.

14.  As a proximate result of defendant's failure and refusal to perform its obligations under the long term disability plan, plaintiff has been compelled to retain counsel to protect his rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1.  For compensatory damages;

2.  For costs of suit herein;

3.  For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

4.  For such other and further relief as the court may deem proper.

DATED:  November 13, 2007

_____
William A. Resneck
Attorney for Plaintiff, DONALD BRUNET