ADRIENNE C. PUBLICOVER (SBN 161432)
DENNIS J. RHODES (SBN 168417)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendant
LIFE INSURANCE COMPANY OF
NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD BRUNET,<br><br>          Plaintiff,<br><br>     v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>          Defendant. | Case No.: CV07-05787 PJH<br><br>**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**<br><br>Honorable Phyllis J. Hamilton<br><br>Filing Date    :    November 14, 2007 |

Defendant Life Insurance Company of North America ("LINA"), hereby answers the Complaint of Plaintiff Donald Brunet ("Plaintiff") for benefits under a group disability employee benefit plan ("the Complaint") as follows:

Federal Rule of Civil Procedure 8(a)(2) states, in pertinent part, that a pleading that sets forth a claim for relief shall provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The Complaint violates these provisions as it contains partial quotes and unnecessary advocacy. In answering the Complaint, LINA only is required to address the averments upon which Plaintiff relies to allegedly state a claim.

---

1

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
USDC NDCA Case No. C07-05787 PJH
318718.1

1.   Answering the allegations in Paragraph 1 of the Complaint, LINA admits the allegations of said Paragraph.

2.   Answering the allegations in Paragraph 2 of the Complaint, LINA admits that venue is proper in the Northern District of California and that LINA is authorized to do business in California. LINA denies that there has been any breach.

3.   Answering the allegations in Paragraph 3 of the Complaint, LINA admits the allegations of said Paragraph.

4.   Answering the allegations in Paragraph 4 of the Complaint, LINA admits the allegations of said Paragraph.

5.   Answering the allegations in Paragraph 5 pf the Complaint, LINA admits that Plaintiff was a physician, had been diagnosed with degenerative changes in his spine. LINA denies that Plaintiff's conditions were disabling. LINA admits that Plaintiff's treating physician opined that Plaintiff was disabled. Except as expressly admitted or denied, LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the remaining allegations in said Paragraph.

6.   Answering the allegations in Paragraph 6 of the Complaint, LINA admit that at the time of Plaintiff's claim, the Permanente Medical Group, Inc. long term disability plan was in existence, insured by LINA. LINA admits that it, not CIGNA, was the claim administrator. Except as expressly admitted or denied, LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the remaining allegations in said Paragraph.

7.   Answering the allegations in Paragraph 7 of the Complaint, LINA admits that it issued the subject policy providing disability benefits to Permanente Medical Group, Inc. employees, the terms of which speak for itself.

8.   Answering the allegations in Paragraph 8 of the Complaint, LINA admits that Plaintiff applied for long term disability benefits, that at the time of the application for said benefits Plaintiff's occupation was that of a physician, that LINA administered the Plan and that

Plaintiff's physician opined that Plaintiff was totally disabled. LINA denies that Plaintiff was disabled under the terms of the Plan. Except as expressly admitted or denied, LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the remaining allegations in said Paragraph.

9. Answering the allegations in Paragraph 9 of the Complaint, LINA admits that Plaintiff's physician opined that Plaintiff was disabled. LINA denies that Plaintiff is disabled under the terms of the Plan. Except as expressly admitted or denied, LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the remaining allegations in said Paragraph.

10. Answering the allegations in Paragraph 10 of the Complaint, LINA admits that Plaintiff received benefits through January 31, 2007 and that said benefits were thereafter terminated. LINA denies that plaintiff appealed the decisions to terminate benefits in accord with the requirements of the policy.

11. Answering the allegations of Paragraph 11 of the Complaint, LINA admits that it issued the long term disability policy in dispute and that the terms of said policy speak for themselves.

12. Answering the allegations in Paragraph 12 of the Complaint, LINA denies said allegations.

13. Answering the allegations in Paragraph 13 of the Complaint, LINA denies said allegations.

14. Answering the allegations in Paragraph 14 of the Complaint, LINA denies said allegations.

15. In response to Plaintiff's Prayer for Relief, LINA denies that Plaintiff is entitled to any of the relief requested therein.

\\\

\\\

\\\

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Proper Claim Decision)

2. The claim decision was correct and proper under the terms of the Plan.

## THIRD AFFIRMATIVE DEFENSE
### (Decision Not Arbitrary or Capricious)

3. Under the terms of the Plan, LINA is vested with discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the insurance policy. The claim decision is properly reviewed by the court under an arbitrary and capricious standard of review. The decision to deny Plaintiff's claim for continued long term disability benefits was not arbitrary and capricious.

## FOURTH AFFIRMATIVE DEFENSE
### (Ineligibility for Coverage)

4. Plaintiff was not eligible for coverage under the Plan as he failed to demonstrate total disability under the terms of the Policy.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure To Satisfy Conditions Precedent)

5. Defendant on information and belief and on that basis allege that Plaintiff's action against LINA is barred because Plaintiff has failed to satisfy all conditions precedent to payment of benefits under the Plan sued upon.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

6. By his conduct or that of his agents, Plaintiff has waived, or is estopped to assert, every claim for relief against LINA set forth in his Complaint.

\\\

\\\

### SEVENTH AFFIRMATIVE DEFENSE
(Parol Evidence Rule)

7. Plaintiff's claims for relief are barred by the parol evidence rule, to the extent that such rule has been made a part of the federal common law of ERISA.

### EIGHTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

8. Plaintiff's claims are barred by principles of unjust enrichment.

### NINTH AFFIRMATIVE DEFENSE
(Privileged and Good Faith Conduct)

9. LINA alleges that each and every act or statement done or made by LINA, or by LINA's agents, with reference to Plaintiff, was privileged as a good faith assertion of LINA's legal and contractual rights.

### TENTH AFFIRMATIVE DEFENSE
(Failure to Comply with Plan Terms)

10. LINA asserts that Plaintiff has failed to comply with the terms of the Plan that is subject of this action, and accordingly, Plaintiff's claim for benefits is barred.

### ELEVENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

11. LINA asserts that Plaintiff's claim for benefits is time barred under the provisions of the Plan that is the subject of this action, applicable statutes of limitations and/or statutes of limitations under ERISA.

### TWELFTH AFFIRMATIVE DEFENSE
(Entitlement to Set-Off)

12. To the extent that a court holds that Plaintiff is entitled to benefits, which LINA denies, LINA is entitled to a set-off for any additional other income benefits that should be taken into account in calculating his long term disability benefits, including, but not limited to, any benefits Plaintiff has received from the Social Security Administration or Workers' Compensation.

13. LINA reserves the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

\\\

WHEREFORE, LINA prays for judgment as follows:

1. That Plaintiff take nothing against Defendant by reason of his Complaint on file herein, that judgment be awarded in favor of LINA, and against Plaintiff, and that LINA be dismissed from this action;

2. That LINA be awarded its attorneys' fees incurred herein;

3. That LINA be awarded its costs of suit; and

4. That the Court grant such other and further relief as it may deem just and proper.

Dated: January 9, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____/s/ Dennis J. Rhodes_____
Adrienne C. Publicover
Dennis J. Rhodes
Attorneys for Defendant
LIFE INSURANCE COMPANY
OF NORTH AMERICA

6
**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
USDC NDCA Case No. C07-05787 PJH
318718.1

# CERTIFICATE OF SERVICE
*Donald Brunet v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-05787 PJH*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→    : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

William A. Resneck, Esq.
Attorney at Law
Two Theatre Square, Suite 234
Orinda, CA  94563
Tel:   (925) 253-0500
Fax:   (925) 253-0502
Email: waresneck@aol.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **January 9, 2008**, at San Francisco, California.

_____
Nancy Li

---

7
**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**
USDC NDCA Case No. C07-05787 PJH
318718.1