1  WILLIAM RESNECK  (SBN 48535)
   Two Theatre Square, Suite 234
2  Orinda, CA  94563
   Telephone:    (925) 253-0500
3  Facsimile:    (925) 253-0502

4  Attorney for Plaintiff
   DONALD BRUNET

5

6  ADRIENNE C. PUBLICOVER  (SBN 161432)
   DENNIS J. RHODES  (SBN 168417)
7  WILSON, ELSER, MOSKOWITZ,
      EDELMAN& DICKER LLP
8  525 Market Street, 17th Floor
   San Francisco, CA  94105
9  Telephone:    (415) 433-0990
   Facsimile:    (415) 434-1370

10

11 Attorneys for Defendant
   LIFE INSURANCE COMPANY OF NORTH AMERICA

12

13

14                 UNITED STATES DISTRICT COURT

15            FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

17 DONALD BRUNET,                    )  Case No.:    CV07-05787 PJH
                                     )
18          Plaintiff,               )  **JOINT CASE MANAGEMENT**
                                     )  **CONFERENCE STATEMENT**
19      vs.                          )
                                     )
20 LIFE INSURANCE COMPANY OF NORTH )  Date        :  February 21, 2008
   AMERICA,                          )  Time        :  2:30 p.m.
21                                   )  Courtroom   :  3
          Defendants.               )  Floor       :  17
22                                   )  Judge       :  Phyllis J. Hamilton
   _____ )

23

24      Plaintiff DONALD BRUNET ("Plaintiff") and Defendant LIFE INSURANCE

25 COMPANY OF NORTH AMERICA ("LINA") hereby submit this Joint Case Management

26 Conference Statement pursuant to F.R.Civ.P. 26(f) and the Court's Standing Order.

27

1. **Jurisdiction and Service of Process**

This is an ERISA claim for disability insurance benefits, and the Court has jurisdiction over it pursuant to 29 U.S.C. §1132(e).  All parties have been served, and defendants have answered the Complaint.

2. **Facts**

**(a) Plaintiff's Position**

Plaintiff contends all medical records were submitted as requested, and he should be receiving long term disability benefits.

**(b) Defendant's Position**

Defendant contends that plaintiff did not meet the definition of total disability under the policy and is therefore not entitled to receive benefits.

3. **Legal Issues**

**(a) Plaintiff's Position**

Plaintiff contends the standard of review will be de novo, since the plan does not provide for complete discretion for the disability determination.  Plaintiff further contends discovery is appropriate, since this will be a de novo review.

**(b) Defendant's Position**

Defendant contends that discovery is not appropriate and that the matter should be decided on the existing administrative record.

4. **Motions**

There are no prior or pending motions.

The parties anticipate this matter will be resolved via cross-motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, or alternatively via cross-motions for judgment pursuant to Rule 52.  As discussed below, they also anticipate discovery motion proceedings.

**5.     Amendment of the Pleadings**

No party currently anticipates amending its pleadings.

**6.     Evidence Preservation**

Plaintiff has no program for document destruction or erasing e-mails, voice mails, and other electronically recorded material. Evidence in the ERISA matter consists of the Administrative Record. Defendants will produce the administrative record with its initial disclosures and in advance of trial.

**7.     Initial Disclosures**

The parties will complete the initial disclosures by February 14, 2008.

**8.     Discovery**

No discovery has been taken to date.

**(a) Plaintiff's Position**

Plaintiff contends further medical records (current records) outside the administrative record and additional discovery, consisting of depositions of defendants' medical record reviewers, is appropriate whether a de novo or discretionary standard is applied, however, plaintiff agrees to delay any discovery requests until after the mediation to avoid unnecessary costs to the parties.

**(b) Defendant's Position**

Defendant contends that discovery is not warranted in this ERISA matter and admissible evidence is limited to the administrative record. While plaintiff contends she is free to conduct discovery, plaintiff should be required to bring the appropriate motion for leave to do so.

**9.     Class Actions**

This is not a class action.

**10.     Related Cases**

There are no related cases.

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
USDC NDCA Case #CV07-05787 PJH
322410.1

11. **Relief Sought**

    **(a) Plaintiff's Position**

    Plaintiff is requesting reinstatement of all long term disability payments under the plan.

12. **Settlement and ADR**

    There have been no settlement negotiations to date.  The parties believe settlement discussions could be productive and have agreed to private mediation.

13. **Consent to Magistrate Judge**

    The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **Other References**

    The parties do not believe the case is suitable for reference to binding arbitration, a special master, or any other special procedure.

15. **Narrowing of Issues**

    The parties believe that some discovery issues may be amendable to narrowing by agreement.

16. **Expedited Schedule**

    This case should be streamlined.  There will be no jury trial.  The case may be decided entirely upon the administrative record either through cross motions for summary judgment or a bench trial. The parties do not believe the case could be practicably expedited beyond the typical time frame for resolution of cases involving disputed entitlement to ERISA benefits.

17. **The Parties propose the following case schedule:**

    - February 21, 2008    -    Initial Status Conference
    - June 30, 2008    -    Mediation Completion Date
    - September 15, 2008    -    Dispositive Motions Due
    - November 24, 2008    -    Pre-trial Conference
    - January 14, 2009    -    Trial Date

---

4

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

18.    **Trial**

The case will be tried to the Court and the parties anticipate a trial of one day. The parties anticipate a bench trial, or cross-motions for summary judgment, the hearing for which should be completed within one day.

19.    **Disclosure of Non-party Interested Entities or Persons**

Plaintiff knows of no non-party on his side who has an interest in this litigation.

Apart from the named parties, Defendants are unaware of any other interested parties at present.

20.    **Other Matters**

None.


Date:  February 5, 2008                          WILSON, ELSER, MOSKOWITZ,
                                                 EDELMAN & DICKER LLP



                                         By:    _/s/ Dennis J. Rhodes_____
                                                 Adrienne C. Publicover
                                                 Dennis J. Rhodes
                                                 Attorneys for Defendants
                                                 LIFE INSURANCE COMPANY
                                                 OF NORTH AMERICA



Date:  February 5, 2008                  By:    _/s/ William A. Resneck_____
                                                 William A. Resneck
                                                 Attorney for Plaintiff
                                                 DONALD BRUNET

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
USDC NDCA Case #CV07-05787 PJH
322410.1

**CERTIFICATE OF SERVICE**
*Donald Brunet v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV07-05787 PJH*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**JOINT CASE MANAGEMENT STATEMENT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→    :  **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

   : **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

   : **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

   : **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

William A. Resneck, Esq.
Attorney at Law
Two Theatre Square, Suite 234
Orinda, CA 94563
Tel:    (925) 253-0500
Fax:    (925) 253-0502
Email: waresneck@aol.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **February 13, 2008**, at San Francisco, California.

_____
Nancy Li

1